**2021 WI APP 42**
# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case Nos.: 2017AP138
2017AP139

†Petition for Review Filed

Complete Title of Case:

IN THE INTEREST OF M.D.M. , A PERSON UNDER THE AGE OF 17:

STATE OF WISCONSIN,

PETITIONER-APPELLANT,

V.

M.D.M.,

RESPONDENT-RESPONDENT.

| | |
|---|---|
| Opinion Filed: | June 8, 2021 |
| Submitted on Briefs: | November 19, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, P.J., Dugan and Donald, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the petitioner-appellant, the cause was submitted on the briefs of *John T. Chisholm* and *Anna E. Gage* of the *Milwaukee County District Attorney's Office* in Milwaukee. |
| Respondent ATTORNEYS: | On behalf of the respondent-respondent, the cause was submitted on the brief of *Jorge R. Fragoso* of the *Office of the State Public Defender* in Milwaukee. |

**COURT OF APPEALS
DECISION
DATED AND FILED**

**June 8, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2017AP138
2017AP139
STATE OF WISCONSIN**

Cir. Ct. Nos. 2014JV588
2014JV588B

**IN COURT OF APPEALS**

IN THE INTEREST OF M.D.M., A PERSON UNDER THE AGE OF 17:

STATE OF WISCONSIN,

      PETITIONER-APPELLANT,

  V.

M.D.M.,

      RESPONDENT-RESPONDENT.

      APPEALS from orders of the circuit court for Milwaukee County: DAVID A. FEISS, Judge. *Reversed and cause remanded for further proceedings.*

      Before Brash, P.J., Dugan and Donald, JJ.

¶1      DUGAN, J. The State appeals from orders of the circuit court denying the State's "Motion[s] to Resume Suspended Cases" in Milwaukee County Circuit Court Case Nos. 14JV588 and 14JV588B (the 2014 cases) where the State

had filed petitions charging M.D.M. with a total of four counts of delinquency.[1] The legal question on appeal concerns competency procedures under WIS. STAT. § 938.30(5)(d) (2019-20).[2] After competency evaluations and hearings occurred, the circuit court found M.D.M. not competent, but likely to become competent in each case. The court suspended the proceedings and ordered competency restoration services in both cases.

¶2 On May 18, 2016, the State filed a petition in Milwaukee County Circuit Court Case No. 16JV462 (the 2016 case), charging M.D.M. with one count of delinquency. M.D.M.'s competency was again raised, but this time the circuit court found M.D.M. competent to proceed. M.D.M.'s 2014 cases remained in suspended status, but because there was now evidence in the 2016 case that M.D.M. was competent, the State filed "Motion[s] to Resume Suspended Cases" and requested that the court redetermine M.D.M.'s competency in the 2014 cases. After briefing and a hearing, the circuit court denied the State's motions, and this appeal followed.

¶3 On appeal, the State argues that, pursuant to our supreme court's decision in *State v. A.L.*, 2019 WI 20, 385 Wis. 2d 612, 923 N.W.2d 827, once its motions to recall the suspended cases were filed, the motions triggered a procedural mechanism that was mandatory and required the circuit court to hold a hearing on the issue of whether M.D.M. was competent. We agree and, therefore, reverse the circuit court's orders and remand for further proceedings.

---

[1] M.D.M. was born on March 28, 2002, and turned eighteen years old on March 28, 2020.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

**BACKGROUND**

¶4    On July 8, 2014, the State filed the first petition for delinquency in Case No. 14JV588, alleging that M.D.M. committed arson of a building. M.D.M. raised competency, and the circuit court ordered a competency evaluation. Following a competency evaluation, the doctor submitted a competency report in which she opined that M.D.M. was not competent, but likely to become competent within the statutory time limit. Neither of the parties objected to the report, and the circuit court found M.D.M. not competent, but likely to become competent during the statutory time limit and suspended the proceedings.

¶5    On August 14, 2014, the State filed a second petition for delinquency in Case No. 14JV588B alleging that M.D.M. committed (1) burglary, (2) negligent handling of burning material, and (3) graffiti. The issue of competency was again raised, and the court ordered a competency evaluation. In his competency report, the doctor opined that M.D.M. was not competent, but likely to become competent within the statutory time limit. The State challenged the report, and the court held a competency hearing on September 23, 2014. At the close of the hearing the circuit court found that M.D.M. was not competent, but likely to become competent within the statutory time limit and suspended the proceedings.[3]

¶6    On May 18, 2016, the State filed a third petition for delinquency in Case No. 16JV462, alleging that M.D.M. committed first-degree sexual assault—

---

[3] In both of the 2014 cases, pursuant to WIS. STAT. § 938.30(5)(d)2., the circuit court ordered the State to file a petition alleging that M.D.M. was a juvenile in need of protection or services (JIPS petition). The statute provides that when a circuit court suspends the proceedings, it orders the district attorney or corporation counsel to file one of two petitions: (1) a petition for involuntary commitment for treatment under WIS. STAT. § 51.20(1), or (2) a JIPS petition under WIS. STAT. § 938.13(14). Sec. 938.30(5)(d)1.-2. The State filed JIPS petitions in both of the 2014 cases. However, there are no issues from those cases involved in this appeal.

sexual intercourse with a child under age thirteen and soliciting a child for prostitution. M.D.M. again raised competency. The circuit court ordered a competency evaluation, and the doctor submitted a report opining that M.D.M. was competent to proceed. Neither of the parties challenged the competency report, and on August 3, 2016, the circuit court found M.D.M. competent to proceed. The State then requested that the circuit court resume the suspended 2014 cases. The court informed the State that it needed to file motions with the court.[4]

¶7　The State filed its Motions to Resume Suspended Cases on August 25, 2016. The circuit court orally denied the State's motions at a hearing on December 13, 2016, and by written orders filed on January 13, 2017. In its written decision, the circuit court concluded that it had the authority to resume the proceedings in a juvenile delinquency case that was suspended based on the finding that the juvenile was not competent. However, it concluded that the decision whether to resume the case was discretionary. The court then denied the State's motions to resume the 2014 cases based on the following reasons:

> Given the time lag between the alleged commission of these offenses and the dispositions of the JIPS orders the court finds that the legislative purposes of Chapter 938 have already been accomplished and the resumption of these cases would result in a waste of court time, resources and public funds, and, in addition, lead to potential violations of the juvenile's right to due process. The public has already been protected, even without the benefit of adjudication, the juvenile has been held accountable. The juvenile[] has received an individualized assessment and treatment consistent with his best interest and the protection of the public.

---

[4] The 2016 case was assigned to the Honorable Laura Gramling Perez. The 2014 cases were assigned to Honorable David Feiss—the State filed its motions to resume the 2014 cases with Judge Feiss.

Nowhere in its decision did the circuit court address the issue of whether M.D.M. was competent. The effect of the circuit court's decision is that the 2014 cases remain in a state of suspension.

¶8     On January 23, 2017, the State filed its petitions for leave to appeal the circuit court's orders denying the motions to resume the 2014 cases.[5] M.D.M. opposed the petitions in a memorandum filed on February 1, 2017, and on February 13, 2017, he filed motions with this court asking the court to hold the State's petitions for leave to appeal in abeyance until this court rendered its decision in *State v. A.L.*, which was pending before this court at that time.[6] This court granted M.D.M.'s motions to hold the State's petitions in abeyance.[7] As noted, *A.L.* was ultimately decided by the supreme court, and this court proceeded with these appeals.[8]

---

[5] The State filed its petitions under WIS. STAT. § 808.03(2), because the circuit court's orders were not final orders in the 2014 cases—the cases were in suspended status. Therefore, the State had to pursue a permissive appeal.

[6] One of the issues in *State v. A.L.*, 2017 WI App 72, 378 Wis. 2d 721, 904 N.W.2d 543, was whether a circuit court can resume suspended juvenile delinquency proceedings to redetermine the competency of a juvenile who was initially found not competent to proceed under WIS. STAT. § 938.30(5)(d) and not likely to become competent within the statutory time limits.

[7] This court issued its decision in *A.L.* on October 31, 2017, and the Wisconsin Supreme Court granted a petition for review. This court ordered that the State's petitions for appeal in this case be held in abeyance pending the supreme court's decision in *A.L.* After the supreme court issued its decision in *A.L.*, by order dated July 26, 2019, this court granted the State's petitions for leave to appeal. On August 22, 2019, the State filed motions to consolidate the appeals in the 2014 cases, and this court granted the motions.

[8] These appeals were first assigned to be decided by one judge pursuant to WIS. STAT. § 752.31(2)(e). After briefing was completed, this court concluded that these appeals should be decided by a panel of three judges. By order dated August 6, 2020, this court ordered that these appeals would be decided by a panel of three judges and permitted the State, by the Attorney General, to file a supplemental brief.

## DISCUSSION

¶9       The issue before this court is whether a circuit court's redetermination of a juvenile's competency pursuant to WIS. STAT. § 938.30(5) is mandatory or discretionary when the circuit court receives information that the juvenile's competency is restored.  The State argues that a competency hearing is mandatory, not discretionary.  By contrast, M.D.M. argues that the circuit court has discretion in deciding whether to resume the suspended proceedings.  We conclude that a competency hearing is mandatory when the circuit court receives information reflecting that the juvenile's competency is restored.

¶10       Our supreme court's decision in *A.L.* is instructive on this issue.  As noted, one of the issues before the court in *A.L.* was whether a circuit court can resume suspended juvenile delinquency proceedings to redetermine the competency of a juvenile who was initially found not competent to proceed under WIS. STAT. § 938.30(5)(d) and not likely to become competent within the statutory time limits. *A.L.*, 385 Wis. 2d 612, ¶12.  The court concluded

> that the language of WIS. STAT. § 938.30(5), read in conjunction with the language of ch. 938, allows a circuit court to resume delinquency proceedings that were suspended because a juvenile was initially found not competent to proceed under § 938.30(5)(d) and not likely to become competent within the statutory time limits.[9]

*A.L.*, 385 Wis. 2d 612, ¶23.

¶11       In *A.L.*, our supreme court explained that "the word 'suspend[ed]' signifies a temporary postponement and implies that a circuit court can resume the

---

[9] We agree with both the State and M.D.M. that, for the purposes of these cases, the holding in *A.L.* applies equally to situations where a juvenile was initially determined likely to become competent within the statutory time limit, but did not become competent during that period.

7

proceedings if the reason for the suspension disappears." *Id.*, ¶16. The court went on to say that "[t]he word suspend thus implies that something is postponed until a condition has been met. Here, the precondition of suspension that no longer exists is A.L.'s lack of competency." *Id.* The court further stated that "[i]f the circuit court cannot resume suspended proceedings once a juvenile becomes competent, there would be no means of conclusion or resolution of the case, and … delinquency proceedings would be suspended indefinitely." *Id.*, ¶18.

¶12 Therefore, under our supreme court's decision in *A.L.*, the circuit court has the authority to resume M.D.M.'s suspended (2014) cases. However, in *A.L.*, the court did not directly set forth the procedure that the circuit court must follow when the issue of resuming a suspended case arises. As the State notes, the court did not discuss whether the competency determination is mandatory or discretionary. The State further argues that the court's emphasis on the "temporary" nature of a "suspension" establishes that a redetermination of the competency of the juvenile is mandatory. It then asserts that if a suspension is to be temporary, then a circuit court would not have the discretion not to hold a hearing when it receives information that the juvenile's competency was restored—otherwise, a juvenile's case will remain suspended indefinitely.

¶13 We agree with the State's analysis. Moreover, in its decision in *A.L.*, our supreme court noted that the State's motion to recall a suspended case "would be the procedural mechanism triggering a circuit court to order a competency evaluation." *Id.*, ¶12 n.5. The court went on to state that "[i]f [the juvenile] is ultimately found competent, the circuit court could then resume the proceedings[.]" *Id.*

8

¶14 By contrast, M.D.M. argues that the circuit court has discretion to decide whether to resume the suspended proceedings. He asserts that the *A.L.* decision allows the circuit court to continue to exercise jurisdiction over the juvenile through redetermination for competency and resumption of delinquency proceedings, but what it does not do is order the circuit court to resume the proceedings. He then argues that the *A.L.* court used permissive language to say that a circuit court "can" resume proceedings if the reason for the suspension disappears. M.D.M. then argues that the circuit court was correct when it said that "given that there is no exclusive statutory basis … then I think the [c]ourt has to have a discretionary decision to make."[10]

¶15 We conclude that the State's Motions to Resume Suspended Cases were the procedural mechanisms that triggered the circuit court to order a competency evaluation of M.D.M. and that a competency evaluation was mandatory under the statutes. Thus, the first step in addressing the issue of whether, under the circumstances in this case, the suspended cases should be resumed is a redetermination of whether M.D.M. is competent. If M.D.M. is ultimately found competent, the second step is for the circuit court to resume the proceedings. It is

---

[10] We note that later in his brief M.D.M. concedes that the proper procedure was for the State to file motions to recall the suspended cases, which would trigger the circuit court to order a competency evaluation. He also concedes that the circuit court "did not follow the procedure subsequently articulated in *A.L.*"

at that point in time that the circuit court exercises its discretion in how the proceedings should proceed.[11]

¶16 M.D.M. next argues that the circuit court's orders denying the State's motions to resume the suspended cases was the "functional equivalent" of a dismissal with prejudice. He now argues that the proper procedure is for the State to file motions to recall the suspended cases, which would trigger a competency evaluation, and if M.D.M. is found competent, the circuit court should dismiss the actions with prejudice or waive jurisdiction pursuant to WIS. STAT. § 938.18.[12] M.D.M. then argues that although, in this case, the circuit court did not follow the procedure articulated in *A.L.*, its actions are clearly in line with the "*dismissal of the action with prejudice* option." He further argues that this court can effectuate the intent of the circuit court's decisions and orders by remanding the cases to the circuit court with instructions to dismiss the cases with prejudice. He concludes by arguing that if the circuit court had the benefit of the court's opinion in *A.L.* at its disposal, it clearly would have done so.

¶17 We reject M.D.M.'s argument that it is enough that the circuit court's orders are the functional equivalent of a dismissal with prejudice. As noted above,

---

[11] We note that in *A.L.*, our supreme court stated, "The circuit court would then have two options: dismissal of the action with prejudice or waiver of jurisdiction pursuant to WIS. STAT. § 938.18." *A.L.*, 385 Wis. 2d 612, ¶12 n.5. Like the circumstance in *A.L.*, the issue of what the circuit court does if M.D.M. is determined to be competent, is not before this court on this appeal.

[12] In *A.L.*, our supreme court stated that pursuant to statutes "a circuit court retains jurisdiction over a delinquency case, *see* WIS. STAT. § 938.12(2), and that the State may seek waiver, *see* WIS. STAT. § 938.18(2), even after the juvenile becomes an adult." *A.L.*, 385 Wis. 2d 612, ¶22 n.8. The court then explained that the circuit court "would still need to make the discretionary waiver determination by applying the criteria listed in § 938.18(5). Alternatively, the circuit court could choose to dismiss the action with prejudice." *A.L.*, 385 Wis. 2d 612, ¶22 n.8.

the effect of the circuit court's orders denying the State's motions to resume the proceedings is that the cases remain in suspended status and will remain there indefinitely—an outcome that the *A.L.* court rejected. Moreover, the issue before this court is whether a competency evaluation must occur before the circuit court can resume the proceedings. M.D.M. now concedes that the proper procedure to be followed is for the State to file its motions, which trigger a mandatory competency evaluation. That has not occurred.[13]

## CONCLUSION

¶18 For the reasons stated above, we conclude that, under the facts and circumstances of this case, WIS. STAT. § 938.30(5) mandates that the circuit court redetermine if M.D.M. is competent. If he is found competent, then the proceedings should resume and the circuit court shall exercise its discretion in determining how they should proceed. Therefore, we reverse the orders of the circuit court and remand for proceedings consistent with this decision.

*By the Court.*—Orders reversed and cause remanded for further proceedings.

---

[13] Lastly, M.D.M. argues that this court should dismiss these cases with prejudice because these cases can neither remain in juvenile court because of his age, nor be waived into adult court because of the nature of his charges. However, those issues are not before this court on appeal. The circuit court and the parties can address how these cases should proceed after the competency redetermination.

11